[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case concerns a petition brought pursuant to §46a-59 in which Malcolm and Sandra Keery, the paternal grandparents of Sadie T. Keery are seeking visitation rights with their granddaughter. The court finds that it has jurisdiction to hear this matter. See: Castagno v. Wholean, 239 Conn. 331 (1996). On July 16, 1998, a hearing was held and from the testimony produced at that hearing the court finds the following facts.
Sadie Keery was born on March 7, 1995. When she was three months old her defendant mother enrolled in hairdressing school while the grandmother, Sandra Keery took care of the child during the daytime. This arrangement lasted until the child was approximately 15 months of age. Shortly thereafter both the child's mother and father asked the grandparents to care for Sadie while the parents sought treatment for cocaine addiction. A voluntary order of temporary guardianship was issued by the Probate Court and the child was placed with the grandparents. Less than two months later the mother revoked the transfer of guardianship and regained custody of Sadie. The record is clear CT Page 8512 that the petitioning paternal grandparents cared for the child on a daily basis for almost the first half of her life. There appears to be a strong connection between the three-year-old child and her paternal grandparents especially the grandmother.
The current situation is that the father and mother have separated and are living apart. The paternal grandparents, Mr. and Mrs. Keery, have had visits with the child on a more or less regular basis pursuant to agreements reached by the parties through the assistance of family relations and orders of the court. While not opposed to continued visitation, the child's mother does not want to permit the child to have overnight visits at the grandparents home, nor does she want the grandparents to provide the child with any medication or take her to their church.
The court finds that it is in the best interest of this child to have continued contact with her grandparents through regular visitation in their home. The child's core family has been disrupted and the stability and security of the grandparents household is likely to have a positive influence upon her social and emotional development. However, the court does not find it necessary for a three-year-old child to have overnight visits with grandparents who live nearby to accomplish this goal.
Accordingly, it is the order of the court that the paternal grandparents are allowed regular contact and visitation with their granddaughter, Sadie Keery. The paternal grandparents shall be permitted to have the child visit with them in their home in Somers, Connecticut from 9:00 a.m. until 6:00 p.m. on the first Saturday of each month and from 10:00 a.m. until 6:00 p.m. on the third Sunday of each month. The child is to be picked up and dropped off by the grandparents at the child's home at the times and on the days specified. In the event that the child is ill or that the child or the grandparents have other commitments on the days specified which are incomparable with the visitation schedule, the visits may be adjusted by agreement of the parties, provided the grandparents have at least one Saturday and one Sunday visit with Sadie each month.
Malcolm and Sandra Keery are prohibited from providing Sadie with any form of medication without the prior written consent of the mother. In the event of illness or an emergency the child is to be returned to her home of taken to a physician for treatment. The grandparents are also prohibited from taking the child to CT Page 8513 church or related religious activities without the prior written consent of the child's mother. The grandparents shall at all times insure that Sadie does not have any contact or communication with her father, Malcolm R. Keery, Jr., while she is in their care.
This order shall remain in effect until modified by the court.
BY ORDER OF THE COURT
Terence A. Sullivan Superior Court Judge